# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHYMICA WILLIAMS,
Plaintiff,

vs.

STERLING JEWELERS, INC
d/b/a Kay Jewelers,
Defendant.

Case No. 1:19-cv-70
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Chymica Williams brings this action against defendant Sterling Jewelers, Inc., d/b/a/ Kay Jewelers alleging violations of her rights under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* This matter is before the Court on defendant's motion for judgment on the pleadings and motion to stay discovery pending the resolution of the motion for judgment on the pleadings (Docs. 15, 16), plaintiff's response in opposition (Doc. 17), and defendant's reply memorandum (Doc. 18).

## I. Allegations in the Complaint

Plaintiff alleges that beginning in or around October 2015 and continuing through January 2018, defendant repeatedly called her on her cell phone. (Complaint, Doc. 1 at ¶ 12). Plaintiff alleges that the persons or recordings on the line stated the company's name and invited plaintiff to apply for a store credit card with defendant. (*Id.* at ¶¶ 13-14). Plaintiff alleges that she never had a store credit card through defendant and has never knowingly applied for a store credit card from defendant. (*Id.* at ¶ 15). After the first few calls in October 2015, plaintiff alleges that she informed defendant she was not interested in a store credit card and that she did not wish to be contacted. (*Id.* at ¶ 17). Despite hearing and acknowledging plaintiff's instruction to stop calling, defendant persisted in calling plaintiff multiple times through January 2018. (*Id.* at ¶ 20). During this time, plaintiff alleges that she knew defendant was using an automated

telephone dialing system and/or pre-recorded voice as "the calls would start with a pause or delay before being connected with Defendant's live representatives." (*Id.* at ¶¶ 21-22). Plaintiff alleges that these calls were bothersome, disruptive, and frustrating to observe. (*Id.* at ¶ 23).

## II. Motion for Judgment on the Pleadings (Doc. 15)

### A. Standard

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*,

579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B. The Parties' Arguments**

Defendant argues that its motion for judgment on the pleadings should be granted on plaintiff's TCPA claim because the record shows that she (1) applied for an account with defendant; (2) consented to be contacted on her cell phone with respect to her account and advertising; (3) had an account for which she was billed; and (4) never withdrew any contractual consent because she purportedly never provided consent. (Doc. 15 at 5). In support, defendant cites to its verified answer in which it denied that plaintiff never had a credit card with Sterling and attached plaintiff's executed account application, applicable terms and conditions, and February 2016 billing statement. (Verified Answer, Doc. 5 at ¶ 15; Exhibit A). Defendant argues that because plaintiff alleges that she never consented to receiving calls from Sterling, she cannot now argue that she withdrew prior consent, thus gutting her TCPA claim. (Doc. 15 at 5). Defendant also argues that any allegations that plaintiff withdrew her "unknown" consent to Sterling's calls would be considered a modification of the credit card contract and accompanying procedures entered into by plaintiff. (*Id.* at 6).

In response, plaintiff argues that defendant's reliance on the purported credit card agreement signed by plaintiff is inappropriate at this stage in the proceedings where no discovery has been conducted. (Doc. 17 at 4). Plaintiff argues that even if the Court were to find that prior consent existed in light of the documents attached to defendant's answer, consent would have been revoked because plaintiff instructed defendant to stop calling. (*Id.*). Plaintiff argues that defendant cannot limit plaintiff's right to revoke consent by employing certain procedures. (*Id.*

3

at 4-5). Finally, plaintiff argues that any deficiency that exists within her complaint could be cured by amendment. (*Id.* at 10).

In reply, defendant argues that this Court may properly consider all of the documents attached to its verified answer in ruling on the motion for judgment for pleadings. (Doc. 18 at 3). Defendant maintains that plaintiff's executed account application, applicable terms and conditions, and February 2016 billing statement as attached in Exhibit A to its verified answer, which is verified by Sterling's Director of Credit Compliance, establish that plaintiff had a credit card account with Sterling and therefore gave consent to be contacted on her cell phone for account, advertising, and telemarketing purposes. (*Id.* at 4). Defendant contends that plaintiff's alleged withdrawal of consent did not properly follow Sterling's procedures and therefore renders any purported revocation a nullity. (*Id.* at 5-7).

### C. Resolution

In ruling on a motion for judgment on the pleadings, the Court considers the pleadings, which includes the complaint, answer, and any written instruments attached as exhibits. *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016) (citing Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a)). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Generally, if it is inconsistent with the allegations in the complaint, the exhibit controls. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012). Even where an exhibit is considered part of the pleadings, however, "it is not always appropriate to assume everything in an exhibit is true." *Id. See also Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008). For this reason, at this stage in the proceedings, courts have declined to consider copies of contracts and other types of legal documents where the parties dispute the authenticity and existence of the document. *Gascho v.*

4

*Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 720 (S.D. Ohio 2013). *See also Rinear v. Capital Mgmt. Servs., L.P.*, No. 1:12-cv-958, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013) (Dlott, J) (noting that a Court may consider documents attached to the defendant's answer in a Rule 12(c) motion when they are integral to the claims and the authenticity of the documents is not disputed); *Pac. Space Design Corp. v. PNC Equip. Fin., LLC*, No. 1:13-cv-00460, 2014 WL 6603288, at *4 (S.D. Ohio Nov. 19, 2014) (Dlott, J.) (considering lease agreement in 12(c) motion where both parties agreed that an agreement existed); *Bailey v. Hartford Life & Accident Ins. Co.*, No. 5:15-cv-406, 2016 WL 760431, at *3 (N.D. Ohio Feb. 26, 2016) (citing *AP Veach v. Blue Springs Sch. Dist.*, No. 4:15-cv-0033, 2015 WL 5853181, at *3 (W.D. Mo. Oct. 7, 2015) (court could not consider copy of insurance agreement on motion to dismiss where parties disputed the authenticity and completeness of the document); *Gascho*, 918 F. Supp. 2d at 720 (court refused to consider unauthenticated copy of purported contract offered in support of a motion to dismiss where the plaintiff challenged the validity of the proffered document) (citation omitted); *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) ("What would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required discovery to authenticate or disambiguate; in such a case the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion.")).

Here, defendant relies on its verified answer and supporting Exhibit A to demonstrate that plaintiff had a credit card account with Sterling and based on the terms of the credit card agreement, consented to communications from Sterling, thereby precluding her claim under the TCPA. Exhibit A consists of a Kay Jewelers credit card application purportedly signed by Chymica Williams, applicable terms and conditions, and a February 2016 billing statement.

5

(Doc. 5-1). Plaintiff, however, questions the authenticity and existence of these documents. In her complaint, plaintiff alleges that she never had a store credit card through defendant and has never knowingly applied for a store credit card from defendant. (Complaint, Doc. 1 at ¶ 15). In response to defendant's motion for judgment on the pleadings, plaintiff maintains that she needs to conduct discovery to determine the authenticity of these documents and whether she in fact signed the purported card agreement upon which defendant relies. Therefore, drawing all reasonable inferences in favor of the plaintiff as the Court must do when deciding a motion for judgment on the pleadings, the Court concludes that it is inappropriate to consider the attachments to defendant's verified answer, including the purported credit card agreement, at this stage in the proceedings.

Therefore, defendant's motion for judgment on the pleadings should be denied.[1]

### III. Defendant's Motion to Stay Discovery (Doc. 16)

Defendant also moves for a stay of discovery pending the resolution of its motion for judgment on the pleadings. (Doc. 16). In light of the undersigned's recommendation that defendant's motion for judgment on the pleadings be denied, defendant's motion to stay is denied as moot. The parties shall proceed with discovery and participate in the scheduled status conference with the Court on Thursday, October 31, 2019 at 4:00 P.M.

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendant's motion for judgment on the pleadings (Doc. 15) be **DENIED.**

   It is **ORDERED** that:

---

[1] Because the Court declines to consider the purported credit card agreement at this stage in the proceedings, the Court need not address defendant's second argument that plaintiff did not properly revoke consent to communications under the terms of the agreement.

1. Defendant's motion to stay discovery (Doc. 16) is **DENIED** as **MOOT**.

Date: 10/30/19

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHYMICA WILLIAMS,
    Plaintiff,

vs.

STERLING JEWELERS, INC
d/b/a Kay Jewelers,
    Defendant.

Case No. 1:19-cv-70
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).